IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT LYNN PINHOLSTER, )  No. C 06-6263 SBA (PR)
          Plaintiff, )
   v. ) **ORDER OF SERVICE AND ADDRESSING PENDING MOTIONS**
ARNOLD SCHWARZENEGGER, et al., )
          Defendants. ) (Docket nos. 4, 5)

## INTRODUCTION

Plaintiff Scott Lynn Pinholster, a condemned state prisoner incarcerated at San Quentin State Prison (hereinafter "SQSP"), filed this civil action in the Marin County Superior Court, Pinholster v. Schwarzenegger, et al., CV 063545. He complains of deliberate indifference to his serious medical needs during his incarceration at SQSP.

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Defendants, who are represented by the State Attorney General's Office,[1] filed a motion asking the Court to screen the complaint under 28 U.S.C. § 1915A. In an Order dated April 17, 2007, the Court granted Defendants' motion to screen the complaint.

On May 14, 2007, Plaintiff filed a document entitled "Plaintiff's Exhibits of All Administrative Exhaustion of Inmate Appeals, and Prior Service of Defendants" (docket no. 8). He provided the Court with copies of his inmate appeal forms.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The background to Plaintiff's claim is taken from his complaint filed in state court. Plaintiff states that he has a "chronic disc injury that requires long term chronic care pain medication management." (Compl. at 5.) He alleges that Defendants were deliberately indifferent to his serious

---

[1] Deputy Attorney General Charles J. Antonen represents and has acknowledged service on behalf of Defendants Schwarzenegger, Clarke, Woodford, Hill-Culpepper and David. Although there are others who are named as Defendants, none of them have been served.

medical needs because he was not provided "chronic care pain management" from September 13, 2005 to November 21, 2005. (Id. at 6.) He claims that Defendants failed "to provide the changes owed to the health care system and make the updates and changes to improve the medical care at San Quentin State Prison," and that their failure "resulted in no chronic care pain medication for over 60 days due to negligence and a broken health care system that still has not been fixed." (Id. at 7.) Plaintiff adds that such changes were "required" as agreed upon in Plata v. Schwarzenegger, Case No. 01-1351 TEH. (Id.)

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a Defendants who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claims

#### A. Medical Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059. A serious medical

need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Liberally construed, Plaintiff's allegations present a cognizable claim for relief against Defendants SQSP Chief Medical Officer Clarke, former SQSP Health Care Manager Belavich, SQSP Physician Dr. David, SQSP Nurse Practitioner Erikson, as well as SQSP Medical Technical Assistants Hill-Culpepper and Anderson.

**B.     Named Defendants**

In addition to naming the aforementioned members of SQSP medical staff as Defendants, Plaintiff names Defendants Schwarzenegger (Governor of California) and Woodford (CDCR Director). Plaintiff does not allege that Defendants Schwarzenegger and Woodford were members of the medical staff who failed to provide him with his "chronic care pain management." Therefore, Plaintiff appears to be attempting to sue Defendants Schwarzenegger and Woodford in their capacity as a supervisor. A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under no circumstances is there respondeat superior liability under § 1983. That is, under no circumstances is there liability under § 1983 solely because one is

1 responsible for the actions or omissions of another.  Id.

2 Plaintiff's allegations do not support a theory of liability against Defendants Schwarzenegger
3 and Woodford for the asserted injuries based upon their personal participation or policymaking
4 decisions.  Accordingly, the claims against Defendants Schwarzenegger and Woodford are
5 DISMISSED WITH LEAVE TO AMEND.  If Plaintiff can in good faith allege facts to cure the
6 pleading deficiency he may add this information to his amended complaint.

7 **III.    Pending Motions**

8 Plaintiff has filed two motions for a temporary restraining order (hereinafter "TRO") and/or a
9 preliminary injunction (docket nos. 4, 5).  He asks the Court to issue an Order requiring Defendants
10 "to have Plaintiff removed daily every morning before 7:00 AM to Marin County General Hospital
11 to receive all chronic care acute pain medications as a recommended by the pain management
12 centers to treat and control Plaintiff's daily acute chronic pain."  (Oct. 27, 2006 Mot. for TRO at 8.)
13 In his second motion for a TRO, he asks the Court to order Defendants "to remove Plaintiff outside
14 of the prison daily or ongoing medical care . . . until a hearing before this Court [where] Defendants
15 can show cause that an acceptable standard of care is in fact being provided and safeguards are in
16 place that this denial of owed acceptable standard of medical care has been halted." (Nov. 17, 2006
17 Mot. for TRO at 6.)

18 Injunctive relief may be granted if either of two sets of criteria are satisfied.  The
19 "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits;
20 (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted;
21 (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction
22 favors the public interest.  See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League,
23 634 F.2d 1197, 1200 (9th Cir. 1980).  The "alternative" test requires that the movant demonstrate
24 either a combination of probable success on the merits and the possibility of irreparable injury, or
25 that serious questions are raised and the balance of hardships tips sharply in his favor.  See
26 Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003).  Under either test, the
27 likelihood of success on the merits matters.

28

4

The Court finds that Plaintiff's allegations do not meet the requirements pursuant to which the Court would exercise its discretion to grant injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. That is, at this stage of the pleadings, he has not shown a combination of probable success on the merits and the possibility of irreparable injury if preliminary injunctive relief is not granted. Accordingly, his motions for a TRO and/or a preliminary injunction (docket nos. 4, 5) are DENIED as premature.

**CONCLUSION**

For the foregoing reasons,

1. The Court finds the Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Defendants Clarke, Belavich, David, Erikson, Hill-Culpepper and Anderson.

2. Plaintiff's claims against Defendants Schwarzenegger and Woodford are DISMISSED with leave to amend as set forth above. Plaintiff shall file amended claims against Defendants Schwarzenegger and Woodford no later than **thirty (30) days** of the date of this Order. The failure to do so will result in the dismissal of his claims against Defendants Schwarzenegger and Woodford without prejudice.

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the removal notice and complaint as well as copies of all attachments thereto (docket no. 1); (2) "Plaintiff's Exhibits of All Administrative Exhaustion of Inmate Appeals, and Prior Service of Defendants" (docket no. 8); and (3) a copy of this Order upon the following Defendants: **SQSP Nurse Practitioner P. Erikson as well as SQSP Medical Technical Assistant Anderson at SQSP; and former SQSP Health Care Manager T.G. Belavich at California State Prison, Los Angeles County.[2]** The Clerk shall also mail copies of these documents to the Attorney General of the State of California. Additionally, the Clerk shall

---

[2] In the document entitled "Plaintiff's Exhibits of All Administrative Exhaustion of Inmate Appeals, and Prior Service of Defendants" (docket no. 8), Plaintiff informed the Court that Defendant Belavich was no longer at SQSP because he was transferred to California State Prison, Los Angeles County in Lancaster, California as of May, 2006.

serve a copy of this Order on Plaintiff.

   4.  Defendants Clarke, Hill-Culpepper and David have already been served; therefore, the Court directs the parties to abide by the scheduling order outlined below.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The Defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the Defendant], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

6

Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.     If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

      d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to

7

comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

9. Plaintiff's motions for a TRO and/or a preliminary injunction (docket nos. 4, 5) are DENIED as premature.

10. This Order terminates Docket nos. 4 and 5.

IT IS SO ORDERED.

DATED: September 28, 2007

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Pinholster6263.Service.frm   8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PINHOLSTER et al,

        Plaintiff,

v.

SCHWARZENEGGER et al,

        Defendant.

Case Number: CV06-06263 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 9, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Pinholster C-87601
San Quentin State Prison
San Quentin, CA 94974

Dated: October 9, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Pinholster6263.Service.frm